IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2022 MAY 11  P 12: 10

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| CINNAMON RODGERS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No.: 2:22-cv-286 |
| V. ) | |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | JURY TRIAL DEMANDED |
| ) | |
| DEFENDANT(S). ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Cinnamon Rodgers ("Plaintiff" or " Rodgers"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant United Parcel Service, Inc. ("Defendant") for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"); and the Alabama Worker's Compensation Act Ala. Code § 25-5-11.1.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 2, 2021; the EEOC issued its Notice of Right to Sue on February 7, 2022.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

6.

Plaintiff is a Black or African American Female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Alabama, and at all times material hereto has conducted business within this District. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendant has employed five hundred (500) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b)

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Corporation Service Company Inc. located at 641 South Lawrence Street Montgomery, AL 36104.

## FACTUAL ALLEGATIONS

10.

Plaintiff began working for Defendant on or about November 25, 2019, as a package handler.

11.

Around February 2020, Rodgers began working the night shift.

12.

Plaintiff worked within a space at the top of the building with rail flooring.

13.

All employees, regardless of the shift, were required to clean the station area before clocking out.

14.

Plaintiff arrived to work on several occasions and found boxes and bags everywhere from the preceding shift.

15.

In March 2020, Plaintiff observed several male employees, who worked the shift prior, leaving the work area in a cluttered condition.

16.

Plaintiff complained of the hazardous work condition to her immediate supervisors, Jamel LNU and Josh LNU.

17.

The immediate supervisors cascaded Plaintiff's complaint to the head supervisor, Kevin Young ("Young"), who said Rodgers would have to deal with it.

18.

Plaintiff continued to complain and work in unsafe conditions through May 2020.

19.

On Thursday evening, May 21, 2020, Rodgers slipped on some bags and boxes left by the previous shift and fell three (3) feet to the lower conveyor belt.

20.

Rodgers landed on her back and right arm wailing as she landed but no one responded.

21.

After roughly forty-five minutes, Plaintiff saw a union worker and asked him for help.

22.

He helped clear bags and boxes from the work area and promised to tell Young of Rodgers's fall.

23.

Young never showed up but, Chris LNU, a maintenance worker, saw Plaintiff and commented how messy that station always was.

24.

Chris located Young and told him to get Plaintiff's station under control.

25.

Young walked away.

26.

Rodgers reported her injuries to the Safety Zone on May 26, 2020, at which time, Young acknowledged Plaintiff's injury and even accompanied her to Family & Industrial Health Services ("FIHS").

27.

The FIHS doctor prescribed Aleve and physical therapy for Rodgers, but the therapist never called.

28.

Plaintiff's primary care physician diagnosed her with a right shoulder strain, injuries to her right arm and abdomen, and ordered physical therapy.

29.

In June 2020, Rodgers filed a worker's compensation claim and began physical therapy twice a week.

30.

Plaintiff returned to work in July 2020, with light-duty restrictions, so she asked to work in small sorts.

31.

On August 21, 2020, Rodgers came to work after her physical therapy appointment.

32.

Rodgers asked Young for permission to visit the Safety Zone to get ice for her shoulder.

33.

Young went with Plaintiff to the Safety Zone and told her "There is no such thing as light duty at UPS…you should get on disability and not return to work."

34.

However, two white, male, package handlers, both named Ben, were previously injured, allowed to work "light duty" and were not terminated.

35.

Rodgers was terminated on August 21, 2020.

36.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Plaintiff was treated less

favorably in the terms or conditions of employment than others outside of her protected class, i.e., Female.

# CLAIMS FOR RELIEF

## COUNT I: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

37.

Plaintiff re-alleges paragraphs ___ as if set forth fully herein.

38.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

39.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

40.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her gender.

41.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

42.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

43.

Plaintiff re-alleges paragraphs ___ as if set forth fully herein.

44.

Defendant's actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaliation in violation of Title VII.

45.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

46.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) Award her back pay, compensatory damages, out of pocket expenses, mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which she may be entitled.

_____
Kira Fonteneau (FON007)

**OF COUNSEL:**

Kira Fonteneau
Amy C. Sillmon
Barrett & Farahany
2 20th Street N, Suite 900
Birmingham, AL 35203
205-606-4106
kira@justiceatwork.com
amy@justiceatwork.com

**PLEASE SERVE DEFENDANT AS FOLLOWS**

**Corporation Service Company Inc**

**641 South Lawrence Street**

**Montgomery, AL 36104**